Ethel Foote STARKE, Trustee under the Last Will and Testament of Lewis A. Foote, Deceased, Plaintiff-Appellant,

v.

MANUFACTURERS NATIONAL BANK OF DETROIT, a national banking association, Defendant-Appellee.

No. 14050.

United States Court of Appeals
Sixth Circuit.

Oct. 18, 1960.

Joseph H. Guttentag, Detroit, Mich., R. M. Waterman, McClintock, Fulton, Donovan & Waterman, Detroit, Mich., on brief, for appellant.

Carson C. Grunewald, Detroit, Mich., Henry C. Bogle and Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., on brief, for appellee.

Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant brought this action for alleged breach of a contract, executed in September, 1933, by which the owner of a patent for a System of Accrual Accounting, issued February 15, 1927, granted to appellee the right to use the patented system in connection with its banking operations. The system included the use of the patent and contemplated the use of particular copyrighted accounting forms, such as Interest Tables, Pro rata Tables and Accrual Ledger Control Sheets, with printed instructions which accompanied them. The owner of the system promised to sell appellee these forms at reasonable prices, and appellee promised not to purchase forms used with the System from anyone else.

The contract provided that in the event the appellee absorbed other banks, "which at such time are not licensed to use the System", the right and license to use and apply the System to the assets of such absorbed banks could be obtained for certain payments therein designated.

The patent expired February 15, 1944.

About July, 1952, and November, 1955, appellee absorbed two Detroit banks and thereafter continued the use of the same accrual accounting methods as it used prior to such dates, in connection with all of its combined assets and accounts.

The appellee declined to make the payments provided by the paragraph of the contract with reference to the assets of the merged banks, hereinabove referred to. This action followed.

The District Judge ruled that the contract granted to appellee a nonexclusive license to use the patented system; that a licensing agreement terminates with the expiration of the patent; that when the appellee applied the system to the assets of the two absorbed banks, the system was in the public domain; and that it would be an unreasonable construction of the contract to interpret it to require the appellee to obtain a license for the use of the system at a time when any bank or anyone else could have used the system without obtaining permission to do so. A discussion of the issue with citation of authorities is contained in his opinion.

We concur in the ruling of the District Judge for the reasons stated in his opinion.

The judgment is affirmed.